Argued April 22, affirmed May 17, 1976

# In the Matter of the Dissolution of the Marriage of
## BACKENSTOS, *Respondent,*
### *and*
## BACKENSTOS, *Appellant.*
### (No. 405-912, CA 5204)
549 P2d 677

*Peter Mayrant Sheely,* Oregon City, argued the cause and filed the brief for appellant.

No appearance by respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Wife appeals from a circuit court order denying her motion to set aside a default order and decree in a marriage-dissolution case. The parties have two children, aged 5 and 8 years, whose custody appears to be the only area of the decree wife would challenge if her motion had been successful. The original petition was filed by the parties as co-petitioners in August 1974. Their original attorney withdrew, and husband, with a new attorney, filed a supplemental petition for dissolution for himself alone. He has continuously since shortly before that had the children's physical care and custody, and custody was awarded him in the default decree, which was made on July 7, 1975. Two child custody studies have been made by the family counseling division of the court, and submitted to the judge.

As grounds for her motion to set aside wife alleges that she had two or three attorneys, all of whom successively refused to continue as her counsel, that she could not get other counsel, and that she could not learn the date fixed for the hearing. She did appear alone at a first hearing, however, and succeeded in having it postponed.

Doubt was cast on the accuracy of her statements at the hearing to set aside, by all of the circumstances. One such circumstance, for example, is that she said in her affidavit supporting her motion that she *only* learned about her first attorney's termination of her client relationship from her husband's attorney and that was by a letter dated June 19, 1975. Inconsistently, there is a copy of a letter from that first attorney in the case record to the husband's attorney dated June 25, 1975 informing that he no longer represented wife and "we * * * are sending a copy of this letter to her last known address confirming same."

The trial court found no statutory reason "such as inadvertence or mistake" that would justify granting the motion. The judge said, "* * * There is nothing in

the record that shows she was taken by surprise * * *." ORS 18.160 provides that the trial court "may, in its discretion * * * within one year * * * relieve a party from a * * * decree * * * taken against him through his mistake, inadvertence, surprise or excusable neglect." After reading the record, we conclude the trial court acted within reasonable bounds of its discretion and in accordance with the statute in denying the motion.

Affirmed.